UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| WELLS FARGO FINANCIAL LEASING, INC., | * * * | CASE NO. |
| Plaintiff, | * | |
| VERSUS | * * | SECTION " __ " |
| MCINTOSH AGRICULTURE, LLC; GLASTON J. MCINTOSH, JR.; and PATRICK M. MCINTOSH, | * * * * | |
| | * | JUDGE _____ |
| Defendants. | * * | MAGISTRATE _____ |
| | * | |
| ******************************* | * | ******************************* |

**COMPLAINT TO COLLECT AMOUNTS DUE UNDER INSTALLMENT SALE CONTRACTS AND PERSONAL GUARANTEES; FOR RECOGNITION OF SECURITY INTERESTS; AND OTHER RELIEF**

The Complaint To Collect Amounts Due Under Installment Sale Contracts and Personal Guarantees; For Recognition Of Security Interests; And Other Relief; (the "**Complaint**") of Wells Fargo Financial Leasing, Inc. ("**Wells Fargo**" or "**Lender**"), a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa, respectfully represents:

I. **PARTIES**

1.

Made defendants herein (collectively, the "**Defendants**") are:

    a.    McIntosh Agriculture, LLC, ("**McIntosh Agriculture**") a limited liability company organized under the laws of the State of Louisiana whose principal place of business is located in Clayton, Louisiana, and, upon information and belief, whose members are all residents and citizens of, and are domiciled in, the State of Louisiana;

1698421.1

1

    b.    Glaston J. McIntosh, Jr. ("**Glaston McIntosh**"), an individual of full age of majority who, upon information and belief, is a resident and citizen of, and is domiciled in, Clayton, Louisiana; and

    c.    Patrick M. McIntosh ("**Patrick McIntosh**"), an individual of full age of majority who, upon information and belief, is a resident and citizen of, and is domiciled in, Clayton, Louisiana.

    d.    Glaston McIntosh and Patrick McIntosh are collectively referred to herein as the "**Guarantors**."

## II.    JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity exists between plaintiff, Lender, a citizen of the State of Iowa; and Defendants:

    a.    McIntosh Agriculture, a citizen of the State of Louisiana, as it is a Louisiana limited liability company, whose member(s) are citizens of the State of Louisiana; and

    b.    Glaston McIntosh, a citizen of the State of Louisiana; and

    c.    Patrick McIntosh, a citizen of the State of Louisiana.

3.

Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because:

    a.    this a judicial district in which at least one of the Defendants reside and all of the Defendants are residents of the State of Louisiana;

1698421.1

b.     this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred; and

c.     this is the district in which a substantial part of the property that is the subject of the action is situated.

### III.     GENERAL ALLEGATIONS

4.

Wells Fargo, as the successor-in-interest to Progressive Tractor and Farm Implemen ("**Progressive Tractor**"), is the owner and holder of two Installment Sale Contract and Security Agreements, dated April 8, 2015 and May 27 2015, respectively, by and between Progressive Tractor and McIntosh Agriculture (collectively, the "**Installment Sale Agreements**").

#### A.     THE CHOPPER AGREEMENT

5.

McIntosh Agriculture and Progressive Tractor entered into that certain Installment Sale Contract and Security Agreement executed dated April 8, 2015, in the principal amount of $53,267.04 concerning the purchase of certain Equipment (as defined therein), including, without limitation, one (1) 2013 Great Plains GP-3000 Turbo Chopper bearing serial number GP-A1802Y (the "**Chopper Agreement**," a copy of which is attached hereto as "Exhibit 1").

6.

Pursuant to the Chopper Agreement, McIntosh Agriculture agreed to pay five annual installment payments, each in the amount of $12,516.60, with the first installment due on April 8, 2016.  *See* Ex. 1.

7.

As security for the performance of McIntosh Agriculture's obligations in connection with the Chopper Agreement, McIntosh Agriculture granted to Progressive Tractor a first priority

1698421.1

security interest in, among other things, the Equipment (as defined therein), which includes, without limitation, one (1) 2013 Great Plains GP-3000 Turbo Chopper bearing serial number GP-A1802Y (the "**Chopper Equipment**").

8.

Performance of McIntosh Agriculture's obligations under the Chopper Agreement is further secured by that certain Personal Guaranty executed by Patrick McIntosh (the "**Chopper Guaranty**"), whereby he "unconditionally and irrevocably guarantie[d]" that McIntosh Agriculture would:

> (i) make all payments and pay all other sums that may become due under the [Chopper Agreement] when and as due, whether by acceleration or otherwise; and (ii) perform all of [McIntosh Agriculture's] obligations to Seller (as defined therein) under the Chopper Agreement.

*See* Ex. 1.

9.

By an Assignment dated April 8, 2015, Progressive Tractor assigned, transferred, and set over all of its rights, title, and interest in and to the Chopper Agreement, including, without limitation, Progressive Tractor's security interest in the Chopper Equipment, and the Chopper Guaranty, to Wells Fargo (the "**Chopper Assignment**," a copy of which is attached hereto as "Exhibit 2").

10.

As a result of the Chopper Assignment, Wells Fargo is the owner and holder of the Chopper Agreement and the Chopper Guaranty and is entitled to enforce all rights and obligations thereunder.

1698421.1

11.

Wells Fargo's first priority security interest in the Chopper Equipment is perfected by, among other things, that certain UCC-1 Financing Statement filed as document number 15-201769 in the UCC records for the Parish of Concordia, State of Louisiana on April 21, 2015 (the "**Chopper UCC**," a copy of which is attached hereto as "Exhibit 3").

### B. THE TRACTOR AGREEMENT

12.

McIntosh Agriculture and Progressive Tractor also entered into that certain Installment Sale Contract and Security Agreement executed dated May 27, 2015, in the principal amount of $106,577.02 concerning the purchase of certain Equipment (as defined therein), including, without limitation, one (1) 2009 Case 275 Magnum Tractor bearing serial number Z9RZ02042 (the "**Tractor Agreement**," a copy of which is attached hereto as "Exhibit 4").

13.

Pursuant to the Tractor Agreement, McIntosh Agriculture agreed to pay seven installment payments in the amounts and on the dates set forth therein. *See* Ex. 4.

14.

As security for the performance of McIntosh Agriculture's obligations in connection with the Tractor Agreement, McIntosh Agriculture granted to Progressive Tractor a first priority security interest in, among other things, the Equipment (as defined therein), which includes, without limitation, one (1) 2009 Case 275 Magnum Tractor bearing serial number Z9RZ02042 (the "**Tractor Equipment**").

15.

Performance of McIntosh Agriculture's obligations under the Tractor Agreement is further secured by that certain Personal Guaranty executed by Glaston McIntosh and Patrick McIntosh (the "**Tractor Guaranty**"), whereby each of the Guarantors "unconditionally and irrevocably guarantie[d]" that McIntosh Agriculture would:

> (i) make all payments and pay all other sums that may become due under the [Tractor Agreement] when and as due, whether by acceleration or otherwise; and (ii) perform all of [McIntosh Agriculture's] obligations to Seller (as defined therein) under the [Tractor Agreement].

*See* Ex. 4.

16.

By an Assignment dated May 14, 2015, Progressive Tractor assigned, transferred, and set over all of its rights, title, and interest in and to the Tractor Agreement, including, without limitation, Progressive Tractor's security interest in the Tractor Equipment, and the Tractor Guaranty, to Wells Fargo (the "**Tractor Assignment**," a copy of which is attached hereto as "Exhibit 5").

17.

As a result of the Tractor Assignment, Wells Fargo is the owner and holder of the Tractor Agreement and the Tractor Guaranty and is entitled to enforce all rights and obligations thereunder.

18.

Wells Fargo's first priority security interest in the Tractor Equipment is perfected by, among other things, that certain UCC-1 Financing Statement filed as document number 15-202006 in the UCC records for the Parish of Concordia, State of Louisiana on June 11, 2015 (the "**Tractor UCC**," a copy of which is attached hereto as "Exhibit 6").

1698421.1

### C.     EVENTS OF DEFAULT UNDER THE INSTALLMENT SALE AGREEMENTS

19.

The Installment Sale Agreements each provide that McIntosh Agriculture shall be in default thereunder if McIntosh Agriculture fails to pay any amount within 15 days of the due date or fails to perform any obligation under any agreement between McIntosh Agriculture and Wells Fargo.  *See* Exs. 1 & 4, ¶ 11.

20.

Moreover, the Installment Sale Agreements provide that, upon the occurrence of a default thereunder, Wells Fargo, among other things, may:

> (C) require [McIntosh Agriculture] to pay to [Wells Fargo], on demand, an amount equal to the Prepayment Amount (as defined therein) plus interest at the rate of Default Interest (as defined therein) on the Prepayment Amount from the date of demand to the date paid  (such amount specified in sub-clauses "C" is referred to below as the "Balance Due") and/or (D) exercise any other remedy available to [Wells Fargo] under law.

*See* Exs. 1 & 4, ¶ 11.

21.

Additionally, for each payment not paid when due, McIntosh Agriculture shall pay Wells Fargo a late charge equal to 10 percent of the amount due or $29.00, whichever is greater, and Wells Fargo shall charge interest on any unpaid amounts at a rate of 1.5% per month from the date due until the date such amounts are paid.  *See* Exs. 1 & 4, ¶ 2.

1698421.1

**D.     EXISTING DEFAULTS**

22.

McIntosh Agriculture, and, in turn, Patrick McIntosh, are in default pursuant to the terms and conditions of the Chopper Loan for, among other things, failure to make the installment payment that was due on April 8, 2016 (the "**Chopper Loan Default**").

23.

McIntosh Agriculture and, in turn, Patrick McIntosh and Glaston McIntosh, are also in default pursuant to the terms and conditions of the Tractor Loan, which provides that a default shall occur thereunder if McIntosh Agriculture fails to pay any amount within fifteen (15) days of when due under any agreement between McIntosh Agriculture and Wells Fargo.  Therefore, the failure to pay amounts when due under the Chopper Loan also constitutes a default under the Tractor Loan (the "**Tractor Loan Default**," which, together with the Chopper Loan Default, are referred to herein as the "**Existing Defaults**").

24.

By letter dated October 11, 2016 (the "**Demand Letter**," a copy of which is attached hereto as "Exhibit 7"), Wells Fargo notified McIntosh Agriculture and the Guarantors of the Existing Defaults and Wells Fargo's decision to exercise its right to demand payment of the Balance Due, as defined in the Installment Sale Agreements, and demanded payment of such amount.

25.

McIntosh Agriculture and Guarantors failed to pay the Balance Due as set out in the Demand Letter by the date demanded.

### E.   ATTORNEYS' FEES

26.

The Installment Sale Agreements each provide that McIntosh Agriculture is obligated to Wells Fargo for payment of all of Wells Fargo's costs and expenses incurred in connection with the enforcement of Wells Fargo's rights in relation to the Installment Sale Agreements, including, without limitation, attorneys' fees and legal expenses. *See* Exs. 1 & 4, ¶ 11.

27.

Additionally, the Chopper Guaranty and the Tractor Guaranty each provide that, if McIntosh Agriculture defaults under the Agreement (as defined therein), the Guarantors agree to pay all sums due under the Agreement and agrees to reimburse Wells Fargo for all expenses Wells Fargo incurs in enforcing its rights against either McIntosh Agriculture or the Guarantors, including, without limitation, reasonable attorneys' fees. *See* Exs. 1 & 4.

28.

Wells Fargo has engaged the firm of McGlinchey Stafford, PLLC to enforce Wells Fargo's rights in relation to the Installment Sales Agreements, the Chopper Guaranty, and the Tractor Guaranty and to institute these proceedings to collect the amounts due under the related agreements, and to seek recognition of, and to enforce, among other things, Wells Fargo's security interest in the Chopper Equipment and the Tractor Equipment.  Accordingly, Wells Fargo is entitled to recover from McIntosh Agriculture and the Guarantors the reasonable attorneys' fees, court costs and other expenses that it incurs in connection therewith and with these proceedings.

### F.  BALANCE DUE

29.

As of September 16, 2016, the amounts due under the Chopper Loan Agreement (collectively, the "**Chopper Amounts Due**"), including any applicable refund of the Finance Charge, as provided for in the Chopper Agreement, were as follows:

| | | |
|---|---|---|
| Principal: | $ | 57,041.95 |
| Accrued Interest: | $ | 395.20 |
| Subtotal: | $ | 57,437.15, |

PLUS interest that continues to accrue after September 16, 2016, and all fees, expenses, attorneys' fees and costs that have accrued as of September 16, 2016, and that continue to accrue thereafter.

30.

As of September 16, 2016, the amounts due under the Tractor Loan Agreement (collectively, the "**Tractor Amounts Due**"), including any applicable refund of the Finance Charge, as provided for in the Chopper Agreement, were as follows:

| | | |
|---|---|---|
| Principal: | $ | 86,786.40 |
| Accrued Interest: | $ | 1,962.59 |
| Subtotal: | $ | 88,748.99 |

PLUS interest that continues to accrue after September 16, 2016, and all fees, expenses, attorneys' fees and costs that have accrued as of September 16, 2016, and that continue to accrue thereafter.

### IV.  PRAYER

**WHEREFORE**, Wells Fargo Financial Leasing, Inc. prays that:

1. After due proceedings had, there be judgment rendered in its favor and against McIntosh Agriculture and Patrick M. McIntosh, *in solido*, in the following amounts:

   a. Unpaid principal in the amount of $57,041.95 as of September 16, 2016; PLUS

   b. Accrued interest in the amount of $395.20 as of September 16, 2016; PLUS

1698421.1

    c. All interest that has accrued, and that continues to accrue, after September 16, 2016; PLUS

    d. All costs, fees, attorneys' fees, expenses and charges incurred by Wells Fargo that are associated with the enforcement of Wells Fargo's rights and remedies under the Chopper Agreement and the Chopper Guaranty that have accrued as of September 16, 2016, and that continue to accrue thereafter, until all amounts due to Wells Fargo in connection therewith have been paid in full.

2. After due proceedings had, there be judgment rendered in its favor and against McIntosh Agriculture, Patrick M. McIntosh, and Glaston J. McIntosh, Jr. in the following amounts, *in solido*:

    a. Unpaid principal in the amount of $86,786.40 as of September 16, 2016; PLUS

    b. Accrued interest in the amount of $1,962.59 as of September 16, 2016; PLUS

    c. All interest that has accrued, and that continues to accrue, after September 16, 2016; PLUS

    d. All costs, fees, attorneys' fees, expenses and charges incurred by Wells Fargo that are associated with the enforcement of Wells Fargo's rights and remedies under the Tractor Agreement and the Tractor Guaranty that have accrued as of September 16, 2016, and that continue to accrue thereafter, until all amounts due to Wells Fargo in connection therewith have been paid in full.

3. After due proceedings had, there be judgment rendered in favor of Wells Fargo and against McIntosh Agriculture, Patrick M. McIntosh and Glaston J. McIntosh, Jr. recognizing Wells Fargo as the holder and owner of:

    a. The Tractor Agreement;

    b. The Tractor Guaranty;

    c. The Tractor Assignment;

    d. The Chopper Agreement;

    e. The Chopper Guaranty; and

    f. The Chopper Assignment.

1698421.1

4. After due proceedings had, there be judgment rendered in favor of Wells Fargo and against McIntosh Agriculture, Patrick M. McIntosh and Glaston J. McIntosh, Jr. recognizing (a) the validity and enforceability of the liens and security interests created and evidenced by the Chopper Agreement and the Tractor Agreement; (b) the liens and security interests of the Chopper Agreement and the Tractor Agreement against the property and collateral affected thereby; and (c) the rights and remedies of Wells Fargo under the Chopper Agreement and the Tractor Agreement; and

5. After due proceedings had, there be judgment rendered herein in favor of Wells Fargo and against the Borrower and Guarantor granting Wells Fargo such other and further relief

1698421.1

as is just and equitable.

                                 **MCGLINCHEY STAFFORD, PLLC**

                                  **By:**   */s/ Mark J. Chaney, III*
                                        **RICHARD A. AGUILAR (#17439), T.A.**
                                        **MARK J. CHANEY, III (#35704)**
                                        601 Poydras Street, 12th Floor
                                        New Orleans, Louisiana 70130
                                        Telephone: (504) 586-1200
                                        Facsimile: (504) 596-2800

                                        *Attorneys for Wells Fargo Financial Leasing, Inc.*